J-S51005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEOPHILUS L. BALDWIN | : | |
| | : | |
| Appellant | : | No. 1811 MDA 2019 |

Appeal from the PCRA Order Entered October 9, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000302-2014

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:　　　　　　**FILED FEBRUARY 23, 2021**

Theophilus L. Baldwin (Appellant) appeals *pro se*[1] from the order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant background as follows:

The procedural history of this case is somewhat convoluted.  . . . [Appellant] was charged with several violations of the controlled substance, drug, device and cosmetic act, 35 P.S. § 780-101, *et seq*. (Controlled Substances Act).  Several of the charges against [Appellant] were severed and two were *nol prossed*.  [Appellant] was prosecuted for the remaining severed charges under the criminal information docketed at [No. 686-2015], wherein [Appellant] entered a plea of guilty.  Under the instant docket, [*i.e.*, CP-14-CR-0000302-2014 (No. 302-2014)), Appellant] was tried by a jury of his peers and found guilty of four violations of the Controlled Substances Act on November 4, 2014.  [Appellant]

_____

[1] Appellant has also filed a counseled appeal at a separate docket, CP-14-CR-686-2015 (No. 686-2015), which is before this panel at No. 1795 MDA 2019, and in which Appellant challenges the dismissal of a different PCRA petition.

was subsequently sentenced on December 18, 2014. [Appellant's] sentence was amended on February 12, 2015, following [Appellant's] post-sentence motion. [Appellant] filed a notice of appeal to the Superior Court and [the trial] court's judgment of sentence was affirmed. **See Commonwealth v. Baldwin**, 144 A.3d 185 (Pa. Super. 2016) (unpublished memorandum). [Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.]

[Appellant] filed his first *pro se* PCRA petition on October 11, 2016. . . . [Appellant] was assigned [] PCRA counsel but then he hired private counsel to argue his PCRA claims under the current docket. [Appellant's] private counsel was granted leave to withdraw as counsel for personal reasons and [Appellant] was assigned new PCRA counsel, Attorney Justin P. Miller [(Attorney Miller)]. On October 9, 2018, [Appellant] filed a second *pro se* PCRA petition.[2] On January 28, 2019, [the PCRA] court directed [Attorney Miller] to file an amended PCRA petition. On July 29, 2019, [Attorney Miller] filed a motion for leave to withdraw appearance and attached a . . . "No Merit" brief[,3 pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. [The PCRA] court filed a notice of intention to dismiss the PCRA petition on August 21, 2019 [(907 notice), and the court permitted Attorney Miller to withdraw as counsel]. [Appellant] filed his response to the [907] notice . . . on September 18, 2019.

---

[2] On October 29, 2018, Appellant filed a *pro se* motion asking the PCRA court to consolidate No. 302-2014 and No. 686-2015. Appellant asserted, *inter alia*, that the "factual nexus and legal premise for both cases are closely tied, and facts in support of each case relate to the other." The PCRA court denied the motion on November 13, 2018.

[3] Attorney Miller opined, *inter alia*, that Appellant wanted to raise claims that were not cognizable under the PCRA. Attorney Miller further stated that Appellant's claim of improper severance of No. 302-2014 and No. 686-2015 was previously rejected by the Superior Court on direct appeal, and there was no merit to Appellant's claim that tampering with evidence by a police officer impacted Appellant's case.

PCRA Court Opinion, 1/3/20, at 1-2 (unnumbered) (footnotes added, citations modified, some capitalization omitted).

By order entered October 9, 2019, the PCRA court dismissed Appellant's petition without a hearing. On November 4, 2019, Appellant filed a *pro se* notice of appeal (Notice).[4] On November 22, 2019, the PCRA court entered an order, which it served upon Appellant, directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal "within twenty-one (21) days of the filing of this Order." Concise Statement Order, 11/22/19.[5] The order advised Appellant that "any issue not properly included in the timely filed Statement shall be deemed waived by the appellate court." *Id.*

As stated above, Appellant filed a counseled and timely Rule 1925(b) statement at No. 686-2015. In this case, however, Appellant filed a *pro se* Rule 1925(b) statement on December 16, 2019, which was late by three days. On January 3, 2020, the PCRA court issued a Rule 1925(a) opinion briefly addressing Appellant's claims.

---

[4] The Notice mistakenly listed the date of the order on appeal as October 2, 2019. Appellant's brief on appeal, however, includes the correct order, entered October 9, 2019. Also, although the Notice's caption lists No. 302-2014, Appellant wrote on the caption, "Changed to CP-14-CR-686-2015."

[5] One week prior to the concise statement order, at No. 686-2015, Appellant filed a counseled Rule 1925(b) statement, pursuant to a separate order entered on October 29, 2019. The PCRA court in No. 686-2015 subsequently issued an opinion rejecting the merits of Appellant's claims.

Appellant has failed to preserve his issues for review. Our well-settled jurisprudence sets forth a "clear" and "bright-line" rule that **mandates** appellants to timely "file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived[.]" **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (relying on **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)); **see also Commonwealth v. Butler**, 812 A.2d 631, 633-34 (Pa. 2002). Further, the Superior Court does "not have the discretion to countenance deviations from the Rule's requirements[.]" **Hill**, 16 A.3d at 494; **see also id.** (holding "the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement"). The Supreme Court in **Hill** cited with approval the Court's prior holding in **Commonwealth v. Castillo**, 858 A.2d 1156 (Pa. 2004) (reaffirming that failure to file a timely 1925(b) statement, regardless of the length of the delay, results in automatic waiver). **Hill**, 16 A.3d at 492. **Castillo** "disapproved of, *inter alia*, **Commonwealth v. Alsop**, 799 A.2d 129 (Pa. Super. 2002), which had permitted merits review of issues raised in untimely Rule 1925(b) statement because trial court discussed issues in Rule 1925(a) opinion." **Hill**, 16 A.3d at 492 (citing **Castillo**); **see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (same).

Here, the court's order directed Appellant to file a Rule 1925(b) statement within 21 days of November 22, 2019. Appellant filed the

statement 3 days late.[6]  Consistent with the foregoing legal authority, we "do not have discretion to countenance deviations from the Rule's requirements," and Appellant's issues are waived.  *See Castillo*, *supra*; *Hill*, *supra*.[7]

Even if not waived, Appellant's claims do not merit relief.  Appellate courts review a PCRA court's dismissal of a PCRA petition for an abuse of discretion.  *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013).  Here, the PCRA court addressed Appellant's contention that he:

> was denied a fair and meaningful PCRA process because his PCRA petition was denied without a hearing, and [Attorney Miller] rendered ineffective assistance of counsel by not pursuing [Appellant's] claims.  Upon receipt of Attorney Miller's *Turner*/*Finley* "No Merit" brief, the court reviewed it, as well as [Appellant's] numerous letters addressed to this court, and [Appellant's] *pro se* PCRA petition.  In paragraph 5(ii) of his PCRA petition, [Appellant] alleges he pled guilty to the charges against him under the criminal information docketed at No. 686-2015 with insufficient information, because he was unaware that former State College Police Department Sergeant Thomas E. Dann pled guilty to tampering with evidence in [Appellant's] case.  In paragraph 6 of the PCRA petition, [Appellant] again contests his negotiated guilty plea [at No. 686-2015,] and argues the [trial]

---

[6] Appellant did not request, nor did the PCRA court grant, an extension of time to file the underlying 1925(b) statement.

[7] We recognize that when "a Rule 1925(b) statement is filed late by a **represented** criminal defendant, such constitutes *per se* ineffectiveness so that the proper remedy is to remand for the filing of such a statement *nunc pro tunc*."  *Commonwealth v. Grohowski*, 980 A.2d 113, 114 (Pa. Super. 2009) (emphasis added, citation omitted); *see also* Pa.R.A.P. 1925(c)(3).  However, in this appeal, Appellant is *pro se*.  *See Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) ("Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel[.]").  We further note that Appellant is represented by counsel in his appeal from the PCRA order at No. 686-2014.

court erred in allowing the Commonwealth to amend the Information after trial.

> **Neither issue [Appellant] raises reflects the criminal proceedings that occurred under the current docket**. The issue regarding the amendment of the criminal information was resolved by the Superior Court, and that argument was renewed by [Appellant's] PCRA counsel under No. 686-2015. ***See Commonwealth v. Baldwin***, 181 A.3d 1254 (Pa. Super. 2017) (unpublished memorandum) [(stating, *inter alia*, that "[w]here the court's assignment of a new docket number on the severed charges was merely an administrative act to clarify the docket with regard to the remaining, severed charges, we find no error," and holding that jurisdiction was not lacking. ***Id.*** at *6).] The issues presented in [Appellant's] response to this court's [907] notice . . . also alleged [Attorney Miller] was ineffective by not pursuing [Appellant's] claims. [Appellant] also raised a jurisdictional issue, stating the court did not have jurisdiction to accept his guilty plea while the judgment of sentence in the instant docket was on appeal in the Superior Court. Again, this issue has been argued under No. 686-2015, and it was not properly before this court under the current docket. [Appellant] has PCRA representation under No. 686-2015, and the [PCRA] court's decision to dismiss [Appellant's] PCRA petition without a hearing under that docket is currently on appeal to the Superior Court.

PCRA Court Opinion, 1/3/20, at 4-5 (unnumbered) (emphasis added, citations modified, some capitalization omitted).

Our review confirms the accuracy of the PCRA court's assessment. Accordingly, we affirm the dismissal of Appellant's *pro se* PCRA petition.

Order affirmed; Application denied.[8]

_____

[8] On November 24, 2020, Appellant filed a *pro se* application for relief with this Court (Application). Appellant essentially seeks leave to refile appendices to his appellate brief, including a copy of his 1925(b) statement and other documents. We have reviewed the documents attached to the Application, which also appear of record. Therefore, we deny the Application as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/23/2021</u>